CASEY-SWASEY COMPANY v. S. G. TREADWELL & COMPANY ET AL.

Decided May 20, 1903.

**1.—Practice on Appeal—Preponderance of Evidence.**

The jury being the judges of the credibility of witnesses, a verdict rendered on conflicting testimony will conclude the questions of fact.

**2.—Charge.**

A requested instruction on matters correctly submitted by the charge given, may be refused.

**3.—Estoppel—Pleading.**

The issue of estoppel by holding one's self out as a partner should be made in the pleadings to entitle it to submission.

Appeal from the District Court of Llano.    Tried below before Hon. F. J. Johnson.

*McLean & Spears* and *John C. Oatman,* for appellant.

No briefs for appellee were on file.

KEY, ASSOCIATE JUSTICE.—But three questions are presented in this case. The first relates to the verdict, the complaint being that it is against the great preponderance of the evidence. The only question of fact in the case was whether or not W. F. Williamson was a partner with S. G. Treadwell in the firm of S. G. Treadwell & Co. On that question, the plaintiff submitted the testimony of three witnesses tending to show such partnership, while the defendant Williamson and his codefendant Treadwell both testified that no such partnership ever existed. Primarily, the jury are the exclusive judges of the credibility of witnesses, and there being nothing in the record in this case, except the testimony of plaintiffs' witnesses, to the contrary, we are unable to say that the jury did not determine the question of credibility wisely and correctly; and therefore, we can not hold that the preponderance of the testimony is. against the verdict, which finds that Williamson was not a partner.

The other two questions relate to the charge of the court and to the refusal of a special instruction. We think the court submitted the question of partnership to the jury in such way as to leave the plaintiff no room for complaint on that score.

The question of estoppel resulting from conduct on the part of Williamson in holding himself out as a partner or permitting Treadwell to do so, was not an issue in the case, because such estoppel was not pleaded. Therefore no error was committed in refusing the plaintiff's special charge number 1, which related to the question referred to.

The judgment is affirmed.

*Affirmed.*